UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER-MICHAEL WILLIAMS, | : : : | Case No. 2:25-cv-00154 |
| Plaintiff, | : : : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : : | |
| A CORPORATION D/B/A WRITEAPRISONER.COM, *et al.*, | : : : | |
| Defendants. | : | |

## ORDER AND
## REPORT AND RECOMMENDATION

This case is before the undersigned Magistrate Judge to screen Plaintiff's Second Amended Complaint ("SAC"), which is the operative pleading in the case. (Doc. No. 23.) *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc*., 555 U.S. 438, 456 n.4 (2009)) ("An amended complaint supersedes an earlier complaint for all purposes."). As before, the undersigned conducts this preliminary review of the *pro se* complaint under 28 U.S.C. §§ 1915 and/or 1915A. (*See* Doc. No. 6 [screening the original complaint].)

In the SAC, Plaintiff provides additional detail about his claims against the corporation WRITEAPRISONER.COM (the "Corporation") and certain co-owners and employees of the Corporation. (Doc. No. 23.) Plaintiff, a state prisoner, alleges that Defendants discriminated against him by excluding him from a prisoner pen pal program based on his race and/or for the offense for which he is imprisoned. (*Id*.)

Plaintiff primarily seeks damages and declaratory relief under 42 U.S.C. § 1981. (*Id*. at PageID 244, ¶ 1.) He also appears to raise a state-law breach of contract claim. (*Id*. at PageID 253 at ¶ 24.) Upon consideration, the undersigned **ORDERS** that these two claims may **PROCEED** to further development, but cautions that this preliminary decision is not an opinion on the merits of the claims or whether Plaintiff will ultimately obtain relief.

In addition, given the evolution of Plaintiff's claims in his complaints, and in the interest of clarity, the undersigned **RECOMMENDS** that any claims in the SAC that are intended to be brought under 42 U.S.C. § 1983 be **DISMISSED**.

Plaintiff initially sued under 42 U.S.C. § 1981.[1] (Complaint, Doc. No. 5.) His First Amended Complaint (Doc. No. 18) brought claims based on the same factual scenario but raised those claims under 42 U.S.C. § 1983. Later, recognizing that the named defendants were not state actors, Plaintiff filed the Second Amended Complaint, again asserting the same facts, but raising his claims under 42 U.S.C. § 1981. (*See* Second Motion to Amend, Doc. No. 21 at PageID 213 ["Plaintiff submitted the [First Amended] complaint with the wrong statute of §1983 for state actors, and now submits

---

[1] "[T]he Supreme Court has long recognized that § 1981, originally enacted as part of the Civil Rights Act of 1866, was intended to uproot the institution of slavery and to eradicate all of its badges, incidents, and vestiges." *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 574 (6th Cir. 2000) (citing *Jones v. Mayer*, 392 U.S. 409, 422-37 (1968)). Section 1981 "has a specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United State' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006). It prohibits intentional race discrimination by "both public and private actors." *Wheat v. Chase Bank*, No. 3:11-cv-309, 2014 WL 457588, at *12 (S.D. Ohio Feb. 3, 2014) (quoting *Christian v. Wal-Mart Stores, Inc.,* 252 F.3d 862, 867-68 (6th Cir. 2001) (also discussing the elements of a "prima facie case of racial discrimination under 42 U.S.C. § 1981 in the 'commercial establishment context'").

the [Second Amended] complaint under the correct statute of 42 U.S.C. §1981 for private actors."].)

To the extent the Second Amended Complaint still contains, or may be construed to contain, claims under Section 1983, those claims should be dismissed. *See Harper v. Donehue*, No. 2:11-cv-939, 2012 WL 441179, at *1 (S.D. Ohio Feb. 10, 2012) (considering the substance of Plaintiff's claims alleging violations of several constitutional amendments to be Section 1983 claims, "[r]egardless of how Plaintiff attempts to label" them).

Section 1983 authorizes a cause of action "against any person who, *under color of state law*, 'subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (emphasis added). To state a claim under Section 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused *by a person acting under color of state law*." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (emphasis added).

Because of this second element, "as a general rule, § 1983 does not reach the conduct of private parties acting in their individual capacities." *Weser v. Goodson*, 965 F.3d 507, 515-16 (6th Cir. 2020) (citing *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007)). *See also Bergeron v. Oakland Cnty.*, No. 2:24-cv-12236, 2024 WL 4982890, at *4 (E.D. Mich. Dec. 4, 2024) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) ("A plaintiff generally cannot sue a private individual

3

for violations of his constitutional rights."). However, "private actors may be subject to § 1983 claims if their conduct qualifies them to be considered state actors." *Nugent v. Spectrum Juv. Just. Servs.*, 72 F.4th 135, 139-40 (6th Cir. 2023) (citing *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014)) (discussing the tests for state action).

In his Second Amended Complaint, Plaintiff alleges that Defendants violated his constitutional rights. (Doc. No. 23 at PageID 244, 248, 255-256) [alleging violations of the First, Eighth, and Fourteenth Amendments[2]].) But he does not allege that Defendants acted under color of state law. (Doc. No. 23.) He also does not allege any *facts* from which the Court could conclude that Defendants are state actors. (*Id.*) And, as noted above, Plaintiff appears to recognize that Defendants are "private actors" rather than "state actors." (Second Motion to Amend, Doc. No. 21 at PageID 213.) Accordingly, because Plaintiff has not pled the second element of a claim under Section 1983, the undersigned **RECOMMENDS** that the Court **DISMISS**, for failure to state a claim on which relief may be granted, any Section 1983 claims remaining or suggested in the Second Amended Complaint. (Doc. No. 23.)

    **IT IS SO ORDERED AND RECOMMENDED.**

                                                    */s/ Caroline H. Gentry*
                                                    Caroline H. Gentry
                                                    United States Magistrate Judge

---

[2] *See generally Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) ("it is fundamental that the First Amendment prohibits governmental infringement on the right of free speech. Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities.").

## Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within (14) fourteen days** after being served with a copy thereof.  Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).