# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER-MICHAEL WILLIAMS, | : | Case No. 2:25-cv-00154 |
| Plaintiff, | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| A CORPORATION D/B/A WRITEAPRISONER.COM, *et al.*, | : | |
| Defendants. | : | |

## ORDER

This Court ordered the United States Marshal Service to serve the six named Defendants in this case with process in October 2025. (Doc. No. 6 at PageID 107.) It appears that the five named individual Defendants were successfully served. (*See* Doc. Nos. 7, 13.) Two Defendants, A Corporation d/b/a WriteAPrisoner.com ("WriteAPrisoner") and Adam Lovell, have since appeared through counsel. (Doc. Nos. 9, 10.) Defendants James Upchurch, Eugene Atherton, Steve Arnold, and Joy Perry have not appeared. According to counsel for WriteAPrisoner and Lovell, Defendant Joy Perry is deceased. (*See* Doc. No. 20 at PageID 212.)

Plaintiff Williams, a prisoner who is proceeding without the assistance of counsel, filed two amended complaints after service of process was issued. (*See* Doc. No. 13 [green cards returned]; Doc. Nos. 16, 21 [motions to amend the complaint].) It does not appear that Plaintiff served all named Defendants with these motions. (*See*

Doc. No. 16 at PageID 146; Doc. No. 21 at PageID 228 [both indicating that Defendants were served "Through Counsel ECF filing"].) Because counsel has only appeared for two Defendants (*see* Doc. Nos. 9, 10), only those two Defendants may be served through counsel. The other Defendants, who are unrepresented, do not appear to be registered users of the Court's ECF filing system and thus would not receive notifications from it.

Therefore, while Plaintiff may serve the two represented Defendants through their counsel via the Court's ECF filing system, Plaintiff is responsible for separately serving each of the other Defendants. Plaintiff is **REMINDED** that each filing must include a certificate confirming that it was served on all other parties (or on their attorneys, if they have attorneys). *See* Fed. R. Civ. P. 5; S.D. Ohio Civ. R. 5.2.[1]

Plaintiff is **ORDERED** to serve Defendants Upchurch, Atherton, and Arnold with his Second Motion to Amend the Complaint (Doc. No. 21) by mail, and to file a certificate of service that so reflects, by **February 13, 2026**. If Plaintiff disputes

---

[1] This Local Rule, titled "Certificate of Service: Delivery Electronically," provides:

> (a) Certificate of Service. Proof of service of all pleadings and other papers required or permitted to be served (except in the case of an ex parte proceeding) shall be made in compliance with Fed. R. Civ. P. 5(d). Such proof of service shall state the date and manner of service, including the name of the person(s) served and the address(es) to which service was directed, and shall be fully stated on or attached to the copy of the pleading or other document served upon a party or upon the trial attorney of each party.
>
> (b) Delivery Electronically. Any party may make service through the Court's ECF system on parties who are registered users of the system as provided in Fed. R. Civ. P. 5(b)(2)(E).

S.D. Ohio Civ. R. 5.2.

counsel's assertion that Defendant Perry is deceased, then he shall also attempt to serve her by **February 13, 2026**.

The Clerk of Court is **DIRECTED** to update the docket with the addresses that Plaintiff provided for Defendants Upchurch, Atherton, and Arnold (*see* Doc. No. 16-1) and to mail a copy of this Order to each of them, along with a copy of the Order screening the Second Amended Complaint.

The Clerk is further **DIRECTED** to amend the name of the lead defendant on the docket to reflect how it is named in the Second Amended Complaint: A CORPORATION D/B/A WRITEAPRISONER.COM. (Doc. No. 23 at PageID 243.)

The Court **LIFTS** the temporary stay of the deadline for the named Defendants to respond to the Second Amended Complaint. (*See* Doc. No. 22 at PageID 242.) Defendants shall answer, move, or otherwise plead to the Second Amended Complaint (Doc. No. 23) by **February 27, 2026**.

The Clerk is **DIRECTED** to **TERMINATE** "John Doe(s)" as a defendant on the docket, as Plaintiff did not name any John Doe(s) as defendants in the Second Amended Complaint. (*See* Doc. No. 23 at PageID 247 at ¶ 9 [naming only Jane Doe(s)].) No service has yet been issued as to the "Jane Doe" Defendants.[2]

---

[2] As the Court previously explained:

> Before service may be issued upon the John and Jane Doe Defendants, Plaintiff must file a motion to issue service that identifies the currently unidentified Defendants. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when Plaintiff discovers the identity of the unnamed Defendants through discovery. Plaintiff is advised that no service will be issued on the unnamed Defendants unless and until Plaintiff complies with this Order. Plaintiff is

Plaintiff is **REMINDED** that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

Finally, the undersigned notes that the Court's website has resources for parties who are proceeding without counsel. *See* https://www.ohsd.uscourts.gov/pro-se.

**IT IS SO ORDERED.**

                                                     */s/ Caroline H. Gentry*
                                                     Caroline H. Gentry
                                                     UNITED STATES MAGISTRATE JUDGE

---

further cautioned that if he fails to comply with this Order, then his claims against the John and Jane Doe Defendants will likely be dismissed.

(Order Screening Original Complaint, Doc. No. 6 at PageID 107 [emphasis in original].)

Plaintiff should not delay. *See* Fed. R. Civ. P. 4(m) ("Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").