**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER-MICHAEL WILLIAMS, | : | Case No. 2:25-cv-00154 |
| | : | |
| | : | District Judge James L. Graham |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| vs. | : | |
| | : | |
| A CORPORATION D/B/A | : | |
| WRITEAPRISONER.COM, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This matter is before the Court on Plaintiff's third attempt to obtain direction about how the prison cashier's office should have collected, or should collect, the fees he owes for filing this lawsuit. Plaintiff initially filed a "Motion to [Request] an Order Specifying Requirements of 28 U.S.C. §1915(B)(2) to Cashiers Office Collecting Funds" on February 4, 2026. (Doc. No. 26.) The Court substantively considered and denied the motion. (Doc. No. 7.) Plaintiff revised and re-filed the motion, now titled "Motion for an Order Clarifying Debt Collection Under 28 U.S.C. §1915(B)(2) to Cashiers Office Collecting Funds." (Doc. No. 28.) The Court struck the motion because Plaintiff did not properly serve it. (Doc. No. 33.)

Now, on March 12, 2026, Plaintiff filed a "Notice of Erratum," to which he attaches a new revised "Motion for an Order Clarifying Debt Collection under 28 U.S.C. §1915(B)(2) to Cashiers Office Collecting Funds." (Doc. No. 36.) The

undersigned is also aware that Plaintiff has filed the same or a very similar motion in at least two of his other pending cases. *See Williams v. Chambers-Smith,* Case No. 2:26-cv-259-MHW-CHG (Doc. No. 6, denied in Doc. No. 7); *Williams v. Galloway*, Case No. 2:25-cv-1410-JLG-KAJ (Doc. No. 7, denied in Doc. No. 9).

The new Motion, like the previous motions, asserts that Plaintiff's institution incorrectly collected the filing fee for this case under the *in forma pauperis* (or IFP) statute, 28 U.S.C. 1915. (Doc. No. 36.) The undersigned previously discussed the issue:

> Currently pending before the Court is Plaintiff Williams' "Motion to [Request] an Order Specifying Requirements of 28 U.S.C. § 1915(B)(2) to Cashiers Office Collecting Funds." (Doc. No. 26.) Plaintiff alleges that the Cashier's Office at Chillicothe Correctional Institution overcharged or "double charged" him for his November 2025 payment and portion of this Court's filing fee. (*Id*.; *see also* Doc. No. 4 [granting Plaintiff *in forma pauperis status* on October 2, 2025 and describing how the filing fee should be collected under 28 U.S.C. § 1915].) In essence, Plaintiff argues that the required initial partial filing fee (under § 1915(b)(1)) and the subsequent monthly payment (under § 1915(b)(2)) should not have been collected from him in the same month. (Doc. No. 26.)
>
> Plaintiff does not ask the Court to correct this alleged error directly. (Doc. No. 26 at PageID 281 [stating "it's too late to fix now"].) Instead, Plaintiff appears to seek a detailed advisory opinion about the procedures governing federal filing fee collection under Section 1915. Speaking for himself and others, he asserts that "we all are in need of a more precise direction from this court so we may remove any undue constitutional hurdle upon an already vulnerable population of individuals." (*Id*.)
>
> The Motion is **DENIED**. The Court will not opine on an issue that apparently does not present a live controversy or cannot be remedied at this time. *See generally Safety Specialty Ins. Co. v. Genesee Cnty. Bd. of Commissioners*, 53 F.4th 1014, 1020 (6th Cir. 2022) ("Federal courts cannot issue advisory opinions."). Incarcerated persons are not wholly without guidance, however. Section 1915 itself details the appropriate procedure, and the Court of Appeals for the Sixth Circuit has provided certain guidance. *See, e.g., McGore v. Wrigglesworth*, 114 F.3d 601, 607

2

(6th Cir. June 11, 1997), *overruled in part by Jones v. Bock*, 549 U.S. 199 (2007).

With respect to the particular calculation and collection in Plaintiff's case, the Sixth Circuit has noted that this task generally falls to the institutional cashier:

> Allowing the custodian of the account to make the computation of the initial partial filing fee under § 1915(b)(1) is in compliance with the statute and is certainly necessary in determining the partial payments required by § 1915(b)(2). The statute only requires the court to make the assessment. It does not require the court to make the actual mathematical computation.

*McGore*, 114 F.3d at 607. *Cf. Shine-Johnson v. Chambers-Smith*, No. 2:22-cv-3236, 2023 U.S. Dist. LEXIS 180761, at *5 (S.D. Ohio Oct. 6, 2023) (calling this "a ministerial and routine accounting task" but requiring the institution to provide its calculation). Here, it appears that the institution has made this calculation. Documentation submitted with the instant motion includes a "Staff Response" to Plaintiff's inquiry explaining that: "The $46.83 was your initial partial filing fee. The $75 was payment towards your remaining balance." (Doc. No. 26 at PageID 288.) Other documentation suggests that the initial partial filing fee was collected from Plaintiff's account in October 2025, while the monthly payment was collected in November 2025,[1] which would address the concern underlying Plaintiff's motion.

---

[1] A footnote in this Order said:

> Plaintiff filed his inmate trust account statement for this time period in a separate case: *Christopher-Michael Williams v. ODRC Director Annette Chambers-Smith, et al.*, Case No. 2:25-cv-01508-ALM-CHG (S.D. Ohio.) While not entirely clear, it appears from the transaction history that the initial partial filing fee of $46.83 was collected from Plaintiff's account on October 29, 2025. (*See* Doc. No. 1 at PageID 21 in Case No. 2:25-cv-01508.) It appears that the monthly payment of $75.00 was collected on November 21, 2025, and that both payments were sent to this Court on that date. (*See* Doc. No. 1 at PageID 22 in Case No. 2:25-cv-01508.)

(Doc. No. 36 at PageID 295, n.1.) The undersigned notes that since the date of Plaintiff's initial motion in this case, he filed another inmate trust account statement in a different case confirming that the initial partial filing fee was collected in October 2025, rather than in November as Plaintiff alleges. That

(Doc. No. 36 at PageID 293-295.)

In the instant motion, Plaintiff asks the Court "to determine what the words 'after payment' [in the IFP statute[2]] means for the ODRC" so that the ODRC does not "overly charge the poor for bringing actions in the federal court." (*Id*. at PageID 402.) "If this debt collection practice . . . is not supported by the federal statute," Plaintiff suggests, "then an undue chill is being placed upon all pro se inmate litigants." (*Id*. at PageID 400-401.) Plaintiff states that a determination by this Court "will serve as a correction for future litigation and actions that [he] must file to remove undue violations to his constitutional right." (*Id*. at PageID 402.)

Plaintiff's new Motion is **DENIED**. (Doc. No. 36.) Again, to the extent that Plaintiff seeks an advisory opinion for future cases, his request is not well-taken. *See Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710, 722 (S.D. Ohio 2024) (noting that an advisory opinion "flies in the face of Article III and the separation of powers it

---

transaction is documented in the "Outstanding Debts" section of his account statement:

| 10/29/2025 | Federal Filing Fee Initial Partial | 2:25-CV-154 | Clerk, U.S. District Court | ($46.83) | $46.83 | $0.00 |

(Doc. No. 8-1 at PageID 163 in Case No. 2:26-cv-259.)

[2] For context, the relevant part of the IFP statute provides:

> **After payment** of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2) (emphasis added). It appears that Plaintiff would like the Court to construe the phrase "[a]fter payment" to mean "the next month after payment." (*See id*. at PageID 401.)

4

preserves"). To the extent Plaintiff seeks to protect the rights of "all pro se inmate litigants," he lacks standing to do so. *See Jones-Bey v. Caruso*, No. 1:07-cv-392, 2009 WL 3644801, at *6 (W.D. Mich. Oct. 30, 2009) ("Plaintiff lacks standing to assert the claim that another individual has suffered a violation of his right to access the courts").

In addition, the factual premise on which Plaintiff's argument rests—that the prison cashier improperly took two payments from his account in November 2025—is belied by Plaintiff's inmate statement as discussed above. The Court need not reach the statutory construction issue because it is not currently before the Court.

For all these reasons, the Third Motion for Clarification, attached to Plaintiff's Notice of Erratum, is **DENIED**. (Doc. No. 36.)

**IT IS SO ORDERED.**

        */s/ Caroline H. Gentry*
        Caroline H. Gentry
        UNITED STATES MAGISTRATE JUDGE

**Notice Regarding Objections**

If any party objects to this Order, the party may serve and file objections to it **within fourteen (14) days** after being served with a copy. Fed. R. Civ. P. 72(a). The Court may extend the fourteen-day objections period if a motion for an extension of time is filed before the period expires. Failure to object may operate as a waiver of the issues on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).