**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER-MICHAEL WILLIAMS, | : | Case No. 2:25-cv-00154 |
| | : | |
| Plaintiff, | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| vs. | : | |
| | : | |
| A CORPORATION D/B/A | : | |
| WRITEAPRISONER.COM, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

### REPORT AND RECOMMENDATION

---

The undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** all claims against Defendants Upchurch, Atherton, Arnold, Perry, and Jane Does and terminate them as parties to this case.

This civil rights case was opened on the Court's docket on February 14, 2025. (Doc. No. 1.) Plaintiff, a state prisoner who is proceeding without the assistance of counsel, has since filed two amended complaints; the Second Amended Complaint is the operative pleading. (Doc. No. 18, 23.) The undersigned screened the Second Amended Complaint and allowed some claims to proceed but recommended that other claims be dismissed. (*See* Order and Report and Recommendation, Doc. No. 24.)

The Second Amended Complaint names several individuals and one corporation as Defendants. (Doc. No. 23.) Defendants are:

1.  Adam Lovell

2.  James Upchurch

3.  Eugene Atherton

4.  Steve Arnold

5.  Joy Perry[1]

6.  Jane Does

7.  A Corporation d/b/a WriteAPrisoner.com ("the Corporation" or "Defendant Corporation")

(Doc. No. 23 at PageID 244-248, ¶¶ 4-10.)

Two Defendants, Adam Lovell and the Corporation, have appeared in the case. (Doc. No. 9, 10.) Defendant Lovell filed a Motion to Dismiss. (Doc. No. 31). Defendant Corporation filed a Motion to Compel Arbitration. (Doc. No. 30.) These motions are briefed and pending.

On March 19, 2026, the Court received from Plaintiff a "Motion to Remove Defendants for Lack of Liability." (Doc. No. 39.) In it, Plaintiff moves to voluntarily dismiss his claims against Defendants Upchurch, Atherton, Arnold, and Perry. (*Id*. at PageID 423 [Plaintiff "requests that the defendants be removed as non-liable parties."].) No memoranda opposing the Motion were filed. The Court should grant the Motion and dismiss these Defendants. Fed. R. Civ. P. 41(a)(2).

The Court should also dismiss Defendants Jane Does, described in the Second Amended Complaint as employees of the Corporation, but for a different reason. (Doc.

---

[1] Counsel for Defendant Lovell and Defendant Corporation has informally noted that Joy Perry is deceased. (*See* Doc. No. 20 at PageID 212.)

No. 23 at PageID 247, ¶ 9.) Plaintiff has not identified and served the Jane Does with process, and the time in which to do so has run. Rule 4(m) of the Federal Rules of Civil Procedure sets a 90-day time limit for service of process:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. 4(m).

Here, the Jane Doe Defendants were named in the original Complaint (Doc. No. 5 at PageID 77, 81), the First Amended Complaint (Doc. No. 18 at PageID 183, ¶ 9), and the Second Amended Complaint (Doc. No. 23 at PageID 247, ¶ 9). When screening the original Complaint, the Court advised Plaintiff about serving Doe Defendants:

> Before service may be issued upon the John[2] and Jane Doe Defendants, Plaintiff must file a motion to issue service that identifies the currently unidentified Defendants. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when Plaintiff discovers the identity of the unnamed Defendants through discovery. Plaintiff is advised that no service will be issued on the unnamed Defendants unless and until Plaintiff complies with this Order. Plaintiff is further cautioned that if he fails to comply with this Order, then his claims against the John and Jane Doe Defendants will likely be dismissed.

(Doc. No. 6 at PageID 107 [issued October 2, 2025].[3]) While some other parties were served with process (*see* Doc. No. 13), Plaintiff has never filed a motion to issue service

---

[2] Plaintiff did not name John Does in the Second Amended Complaint. (*See* Order, Doc. No. 25 at PageID 278 [directing Clerk to terminate John Doe(s) as defendants].)

[3] The Court reminded Plaintiff about this requirement and the 90-day deadline in a later Order. (*See* Doc. No. 25 at PageID 278-279, n.2 [issued January 28, 2026].)

3

on the Jane Doe Defendants, and consequently, they have not been served. More than 90 days have elapsed since the initial screen.

Even if this Court were to calculate the 90-day deadline as running from the date the Court screened the Second Amended Complaint (*see* Doc. No. 24 [issued January 28, 2026]), ninety days have elapsed from that date as well. Ninety days after January 28, 2026 is April 28, 2026. As the docket reflects no progress whatsoever toward serving the Jane Doe Defendants, they should be dismissed as Defendants under Rule 4(m).

For all these reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** all claims against Defendants Upchurch, Atherton, Arnold, Perry, and Jane Does and terminate them as parties to this case. If the District Judge agrees, only Adam Lovell and A Corporation d/b/a WriteAPrisoner.com will remain as Defendants.

The parties may object to this recommendation as discussed in the section below. Plaintiff is **REMINDED** that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

The Clerk of Court is **DIRECTED** to mail an additional copy of this Order to Defendants Upchurch, Atherton, and Arnold at the addresses in Plaintiff's Motion (Doc. No. 39 at PageID 424) in addition to serving them by mail at the address listed on the docket.

4

**IT IS SO RECOMMENDED.**

*/s/ Caroline H. Gentry*

Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE

### Procedure on Objections

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within (14) fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy.

A Judge of this Court will make a *de novo* determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

5