**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER-MICHAEL WILLIAMS, | : | Case No. 2:25-cv-00154 |
| | : | |
| | : | District Judge James L. Graham |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| vs. | : | |
| | : | |
| A CORPORATION D/B/A | : | |
| WRITEAPRISONER.COM, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

### ORDER TO SIGN RESPONSE TO MOTION TO DISMISS

---

Two potentially dispositive motions are pending in this case.[1] (Doc. No. 30, 31.) One of the motions, a Motion to Dismiss, was filed by Defendant Adam Lovell. (Doc. No. 31.) The Court received and docketed a response titled "Plaintiff's Objection to Defendant Adam Lovell's Motion to Dismiss" on March 19, 2026. (Doc. No. 38.) The response does not contain Plaintiff Christopher Williams' signature. (*See id*. at PageID 422.)

The signature requirement arises from Rule 11 of the Federal Rules of Civil Procedure. *See English v. Equifax Info. Servs., LLC*, No. 1:24-cv-240, 2026 LX 266792, at *7-8 (S.D. Ohio May 15, 2026) (Fed. R. Civ. P. 11 requires "that an unrepresented party personally sign filings submitted to the Court and certify that the factual and legal contentions therein are made in good faith after reasonable inquiry") (emphasis added).

---

[1] A Report and Recommendation is also pending but is not relevant to this discussion. (*See* Doc. No. 24.)

The required signature is a *handwritten* signature. *See Becker v. Montgomery*, 532 U.S. 757, 764 (2001) ("we read the requirement of a signature [in Rule 11] to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)."); *McFarlin v. City of Wayne*, No. 26-cv-10011, 2026 U.S. Dist. LEXIS 49649, at *3 (E.D. Mich. Mar. 6, 2026) (Rule 11 "requires that each Plaintiff personally sign their filings with a handwritten signature."); *Jacquelyn S Jordan Trust v. City of Franklin*, No. 3:22-cv-326, 2022 U.S. Dist. LEXIS 86013, at *3 (M.D. Tenn. May 12, 2022) (Rule 11 "requires a handwritten signature, not a typed name"); *Greene v. Rochester Villas Apartments, Inc.*, No. 25-13926, 2026 WL 30640, at *1 (E.D. Mich. Jan. 5, 2026) ("Although Greene's typed name appears at the end of the complaint, the document is not dated, there is no signature block or other indication that the typed name serves as an electronic signature, and the document was not submitted through an electronic account belonging to Plaintiff. This does not suffice as a signature. As Rule 11(a) is framed, the requirement of a signature generally means a handwritten signature, and other rules only permit electronic signatures with sufficient indicia of authenticity."); *Watkins v. LaSalle Bank*, No. 25-cv-13901, 2025 U.S. Dist. LEXIS 261898, at *4 (E.D. Mich. Dec. 18, 2025) (striking an unsigned complaint and noting that "Plaintiff may refile an amended complaint that contains her handwritten signature").

Although the Rules contain an exception that allows approved "Filing Users" of the Court's electronic filing system to type their signatures, Plaintiff Williams is not an

2

approved Filing User.[2] His own handwritten signature must therefore appear on each paper he files.

As noted, Plaintiff's Response to the pending motion to dismiss in this case does not contain his handwritten signature. (*See* Doc. No. 38 at PageID 422.) The Court therefore **INTENDS** to **STRIKE** this document unless Plaintiff promptly corrects the omission. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

Plaintiff is **ORDERED** to personally **SIGN** his Response (Doc. No. 38) with a handwritten signature and **SUBMIT** it to the Clerk of Court by **August 12, 2026**. If he fails to do so, his Response will be stricken from the docket.

---

[2] This Court's Local Rule 83.5 provides in part:

> **(b) Filing Users.** Attorneys admitted to the permanent bar of this Court and those admitted pro hac vice shall, unless otherwise ordered, register as Filing Users of this Court's ECF system. If the Court permits, a party to a pending proceeding who is not represented by an attorney may register as a Filing User solely for the purposes of that action. …

> **(c) Electronic Signature.** The actual signature of a Filing User shall be represented, for ECF purposes, by "s/" followed by the typed name of the attorney or other Filing User. Signature in such a manner is equivalent to a hand-signed signature for all purposes, including Fed. R. Civ. P. 11 or any other rule or statute.

S.D. Ohio Civ. R. 83.5(b)-(c).

*See also* Fed. R. Civ. P. 5(d)(3)(B) ("A person not represented by an attorney … may file electronically only if allowed by court order or by local rule"); Fed. R. Civ. P. 5(d)(3)(C) ("*Signing.* A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature.").

Plaintiff is **REMINDED** that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

 **IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE
